UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHARLOTTE E. NICHOLAS,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and breach of contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, CHARLOTTE E. NICHOLAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, UNITED COLLECTION BUREAU, INC., is a corporation and citizen of the State of Ohio with its principal place of business at Suite 206, 5620 Southwyck Boulevard, Toledo, OH 43614.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. On May 6, 2010, Plaintiff filed a prior suit against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"). See *Charlotte E. Nicholas v United Collection Bureau, Inc.*, Case No.: 10-60732-Civ-Moore/Simonton (S.D. Fla.).

11. On May 14, 2010, Defendant was served with the prior suit and thus knew that Plaintiff was represented by counsel with respect to the alleged debt.

12. On or about September 29, 2010, Defendant sent a letter directly to Plaintiff at her home address seeking to collect the alleged debt.

13. At the time Defendant sent its September 29, 2010 letter, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

14. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

15. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

16. No court had authorized Defendant's direct communication with Plaintiff.

17. At the time Defendant sent its September 29, 2010 letter, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

18. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself to the representation of her counsel.

19. The parties settled the prior suit. The Court declined to reserve jurisdiction to enforce the terms of the settlement agreement. Defendant agreed to pay Plaintiff $20,000.00. When Defendant did not pay, Defendant's counsel responded by stating that Plaintiff would receive the $20,000.00 by February 7, 2011. Plaintiff did not receive the payment. Defendant's counsel then responded

that Defendant had mailed the check on February 4, 2011 and it was not Defendant's problem that the check was not delivered. Defendant's counsel contends that Plaintiff must take the matter up with the Post Office. Plaintiff has no ability to deal with the Post Office on a letter Defendant supposedly sent. In any event, Defendant has not paid the money to Plaintiff.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

24. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

    e. Such other or further relief as the Court deems proper.

## COUNT III
## BREACHING OF CONTRACT

25. Plaintiff incorporates Paragraphs 1 through 19.

26. Defendant breached its agreement to pay Plaintiff $20,000.00 for the prior suit.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit, and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658